No. 05-665

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 38N

CHARLES WILLET,

       Petitioner and Appellant,

  v.

TOWN OF ST. IGNATIUS,

       Respondent and Respondent.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DV 2004-145,
                  Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wilmer E. Windham, Attorney at Law, Polson, Montana

       For Respondent:

              Dean A. Stensland, Boone Karlberg, P.C., Missoula, Montana

Submitted on Briefs:  August 23, 2006

Decided:  February 13, 2007

Filed:

_____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Charles Willet (Willet) was hired as the Police Chief for the town of St. Ignatius in September 2000. He was terminated from that position in February 2004 by the mayor of St. Ignatius for unsatisfactory performance. Willet appealed his termination to the Police Commission which sustained it. He then appealed the Police Commission's decision to the Twentieth Judicial District Court for Lake County. The District Court also affirmed the termination. Willet appeals the District Court's Findings of Fact, Conclusions of Law and Order. We affirm.

## ISSUE

¶3    Willet raises numerous issues on appeal. The dispositive issue, however, is whether the District Court erred in upholding the decision of the Police Commission sustaining Willet's discharge from employment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Willet was hired as Police Chief for the town of St. Ignatius in September 2000. In January 2002 John Connot (Connot) became mayor of St. Ignatius. Connot and Willet met regularly to discuss Willet's duties and responsibilities. They also met to discuss the

2

many citizen complaints Connot received about Willet. From the time Connot became mayor until Willet's discharge, Connot repeatedly instructed Willet on various issues related to his job performance. On many occasions, Willet ignored or chose not to comply with Connot's instructions. In December 2003 Connot notified Willet, by letter, that his work performance was unacceptable. The letter expressed numerous concerns the mayor had about Willet's approach to and performance of his job. The letter requested that Willet rectify those areas of concern by January 27, 2004. Willet testified that he received the December letter, reviewed it and forwarded it to his attorney.

¶5     By letter dated February 6, 2004, Connot discharged Willet, concluding that Willet's performance remained unacceptable. Willet appealed his discharge before the Police Commission for the town of St. Ignatius (Commission). The Commission met in special session on April 30, 2004, to consider the appeal. Willet, his attorney, Connot, and the attorney for St. Ignatius attended the hearing. The Commission took evidence and heard the testimony of eight witnesses for St. Ignatius and one witness for Willet. On May 30, 2004, the Commission issued its decision upholding Willet's termination. The Commission determined that Willet had failed to rectify the job performance issues identified in Connot's December 2003 letter, and that Willet's performance had deteriorated during January 2004.

¶6     Willet appealed the Commission's decision to the District Court. The District Court found that the record contained substantial evidence to support the Commission's factual findings. It also concluded that the Commission's evidentiary rulings were

3

correct. Therefore, it determined that the Police Commission's decision to sustain Willet's termination was correct.

¶7 Willet filed a timely appeal.

## STANDARD OF REVIEW

¶8 A final decision of the police commission may be appealed to the district court which has jurisdiction to review all questions of fact and law. The function of the district court is to review the law to determine whether the rulings of the commission are correct and to review the facts to determine whether they are supported by substantial evidence. The district court shall defer to the police commission unless the findings of fact or conclusions of law are clearly erroneous, in violation of constitutional or statutory provisions, or characterized by an abuse of discretion, among other things. Section 2-4-704(2), MCA. *See also Wolny v. City of Bozeman*, 2001 MT 166, ¶ 14, 306 Mont. 137, ¶ 14, 30 P.3d 1085, ¶ 14. When we review the district court's opinion, we apply the standard of review set forth in § 2-4-704, MCA. *Wolny*, ¶ 15.

## DISCUSSION

¶9 As noted above, Willet presented numerous arguments on appeal, including claims that the Commission failed to provide him an impartial hearing, his due process rights were violated by inadequate notice of and grounds for termination, and the record did not support the contention that his performance was unsatisfactory under the circumstances. Our review of the record reveals that these arguments are without merit. Therefore, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum

4

opinions. It is manifest on the record before us that the findings of fact are supported by substantial evidence. Additionally the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10     We affirm the decision of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS